IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEARCHES AND SEIZURES, | NO. 08-SW-0361 DAD<br>NO. 08-SW-0362 DAD<br>NO. 08-SW-0363 DAD<br>NO. 08-SW-0364 DAD |
| _____/ | ORDER |

On November 12, 2008, these matters came before the undersigned for hearing on motions to unseal search warrant affidavits and for return of property and seized funds. The motions were brought by counsel on behalf of Loomis Wealth Solutions, LLC (hereinafter LWS) and Lawrence L. Loomis. At the hearing attorney Malcolm Segal appeared on behalf of movant Loomis Wealth Solutions; attorney Patrick Hanly appeared on behalf of movant Lawrence L. Loomis; and Assistant United States Attorneys Russell Carlberg, Courtney Linn and Matthew Stegman appeared on behalf of the government.

At the conclusion of the hearing, the court directed the government to file a declaration in support of the continued sealing of the search warrant affidavits for in camera review. On November

19, 2008, the government filed that declaration under seal.  The court has completed its <u>in</u> <u>camera</u> review and is prepared to rule.

**BACKGROUND**

On August 25, 2008, the undersigned issued search warrants, upon the affidavit of IRS-CID Special Agent Christopher Fitzpatrick, authorizing the search of LWS Offices and the home of movant Lee Loomis for items, property and documents described in seventeen categories and sub-categories.  Those searches were executed on August 26, 2008.  Later that day the court issued another search warrant, based upon the affidavit of F.B.I. Special Agent Kathleen Nicolls, authorizing the search of Mr. Loomis, his laptop computer, computer storage media, cellular telephone and personal digital assistant for the same seventeen categories of items, property and documents.

On August 27, 2008, the government sought and obtained from the court a civil seizure warrant authorizing the seizure of approximately $328,395.75 from an LWS account at Washington Mutual Bank.  Sealing orders were issued when the warrants were issued.  On September 11, 2008, the returns on the search warrants were filed and on September 24, 2008, an order was issued unsealing the warrants and attachments thereto but keeping the applications and affidavits in support thereof under seal absent further order of the court.

**ARGUMENTS OF THE PARTIES**

Movants take the position that LWS operates a perfectly legal and legitimate real estate purchase program and that the government's seizure of its records and funds has effectively put it out of business, thus harming its employees and those investors the

government has, according to movants, erroneously identified as "victims." Just as importantly, movants argue that the seizure of funds has effectively precluded Loomis and LWS from adequately defending themselves.

Movants contend that the continued sealing of the search warrant affidavits is unjustified in this case and permits the government and its investigators to effectively put them out of business and cause significant losses to legitimate investors in LWS without permitting movants the ability to challenge those government actions. Accordingly, movants argue, the court should first order the search warrant affidavits unsealed. Without such an order, they contend that they will be unable to attack the warrants and move for the return of their property which was seized unlawfully.[1] Moreover, they argue that any general government claim of fear of destruction of evidence or intimidation of witnesses is unfounded in this "garden variety," "non-violent, white collar" investigation because Mr. Loomis is a legitimate businessman who has made himself available to the government and cooperated with its investigation.

The government opposes the motion, and in particular the unsealing of the search warrant affidavits, arguing that in <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1217 (9th Cir. 1989) the court held that "sealed warrant affidavits should not be ordered unsealed before an indictment is returned." (Gov't Opp'n at 2-3.) The

---

[1] Movants also argue that the seized funds should be returned immediately to allow them to fund their "defense" and that the government should return the computer equipment seized pursuant to the warrant.

3

government contends that the search warrants in this case are part of a complex and extensive federal investigation of probable mail fraud, bank fraud, wire fraud and money laundering involving criminal activity in at least five states and that the unsealing of the affidavits would prematurely reveal the theory of the government's case, the direction of the investigation, the identity of confidential witnesses and grand jury materials, thereby jeopardizing the government's ongoing investigation. (Id. at 3-4.)[2]  The government contends that even in those cases where courts have ordered search warrant affidavits unsealed to allow challenges thereto, much more time had passed without an indictment than is the case here, where this complex investigation is at a relatively early stage.  Finally,

---

[2]  Strangely, the government also states that "[i]n any event, a final ruling sealing or unsealing the affidavits would remain stayed pending appeal, first to the district court judge, then to the Ninth Circuit." (Gov't Opp'n at 5, n.11) (citing Times Mirror, 873 F.2d at 121 and In re Copley Press, Inc., 518 F.3d 1022, 1028 (9th Cir. 2008). Counsel for the government appeared to reiterate the point at the conclusion of the hearing, indicating that in the event the court were to order the search warrant affidavits unsealed, they would request a stay to appeal that order.  The court certainly would not preclude the government, or any other party, from ever exercising the right to appeal from an adverse ruling.  On the other hand, it would be inappropriate to suggest that the government would in effect prevail on this issue regardless of the court's ruling by appealing any order to unseal the search warrants to the Ninth Circuit, and perhaps beyond, thereby assuring that movants could never obtain access to them during the course of the government's investigation.  That is especially the case here, where it was the undersigned's order in response to the government's ex parte application that resulted in the supporting affidavits being filed under seal in the first place. See In re Search Warrants Issued on April 26, 2004, 353 F. Supp.2d 584, 589 (D. Md. 2004) ("Within the past decade ... sealing search warrant affidavits and materials has become a routine matter, and the government's required showing of harm has become dramatically less demanding.")(citing David Horan, Breaking the Seal on White Collar Criminal Search Warrant Materials, 28 Pepp. L. Rev. 317, 324-25 (2001)).

4

the government argued that in an ex parte declaration filed with the court under seal, it could explain why these search warrant affidavits should remain under seal.

As for the seizure of funds, the government contends that movants already have an adequate remedy at law because the government has initiated civil nonjudicial forfeiture proceedings against those funds and the movants are free to file a claim thereto and to petition for remission.  Moreover, the government argues that there is no legal basis for movants' attempt to obtain the return of the seized funds for their defense.  Finally, the government has assured the court that it is already in the process of returning to the movants all 51 computers and their contents seized pursuant to the warrants.  In this regard, the government reported to the court at the hearing on the motions that the process of imaging those computers was almost completed and it was anticipated that all computers seized would be returned within the 90-day period provided by the warrants.

**ANALYSIS**

With respect to the seizure of funds, the court finds the government's arguments well-taken.  The provisions relied upon by movants do not entitle them to return of those funds for use in their defense.  Moreover, the movants do have an adequate remedy at law in the nonjudicial forfeiture proceedings initiated by the government. Likewise, any argument that computer equipment and the contents thereof should be returned immediately to allow movants to continue to conduct business has been rendered moot by the governments' compliance with the terms of the warrants themselves requiring such return within

5

90 days of seizure absent further order of the court.  The more difficult question is whether movants are entitled to the unsealing of the search warrant affidavits at this time so they may seek relief by way of a motion for return of property brought pursuant to Federal Rule of Criminal Procedure 41(g) upon a showing of the illegality of the searches.

As noted above, the government argues that in <u>Times Mirror Co.</u> the Ninth Circuit held that sealed warrant affidavits should not be ordered unsealed before an indictment is returned.  The court disagrees.  In <u>Times Mirror Co.</u> the court was faced with attempts by various media organizations to unseal search warrants and supporting affidavits that had previously been ordered sealed by the district court.  The issues presented in that case were whether the media has a qualified right of access to search warrants and supporting affidavits during the pre-indictment stage of a criminal investigation under the First Amendment, Federal Rule of Criminal Procedure 41 or pursuant to common law.  873 F.2d at 1212.  The Ninth Circuit merely held that the media had no such right of access and affirmed the district courts' orders maintaining the warrant materials under indefinite seal.  <u>Id.</u> at 1212-21.[3]  The court did not address the entirely different

---

[3] Other courts have concluded that there exists "a qualified first amendment right of access to documents filed in support of search warrant applications." <u>Certain Interested Individuals v. Pulitzer Publishing Co.</u>, 895 F.2d 460, 462 (8th Cir. 1990).  <u>See</u> <u>also</u> <u>In re Search Warrant for Secretarial Area Outside Office of Gunn</u>, 855 F. 2d 569, 573-74, 576 (8th Cir. 1988).  Some have rejected any first amendment right to such search warrant documents but found a common law right to such access.  <u>See</u> <u>Baltimore Sun Co. v. Goetz</u>, 886 F.2d 60, 64-65 (4th Cir. 1989); <u>see</u> <u>also</u> <u>Application of Newsday</u>, 895 F.2d 74, 79 (2d Cir.) (common law right to access recognized after the warrant had been executed and a plea-agreement reached).

6

question of a property owner's "abiding interest in challenging the reasonableness of the government's invasion of his property and/or privacy" which is left unanswered by inquiries into the general public's right of access to search warrants materials. See In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d 584, 590 (D. Md. 2004). See also In re Search of Up North Plastics, Inc., 940 F. Supp. 229, 232 (D. Minn. 1996) ("None of these (First Amendment or common law access rights) cases answer the precise question at issue here, which is, not whether the public or press has a right of access, but whether the person whose property is seized has a right of access under the Fourth Amendment to the affidavit in support of the search warrant."); In re Search Warrants Issued August 29, 1994, 889 F. Supp. 296, 299 (S.D. Ohio 1995) (finding that Times Mirror and similar "cases dealing with the alleged right of the media or the public to access sealed warrant documents do not control the outcome" in cases involving "the right [under the Fourth Amendment] of the person whose home has been searched to see the documents which were used to obtain the search warrant").

In addressing the question left unanswered by the decision in Times Mirror, several courts have recognized that those individuals whose property is the subject of a search pursuant to warrant have a pre-indictment right of access to search warrant materials, including the supporting affidavit, grounded in the Fourth Amendment. In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d at 591 (affirming the magistrate's order and recognizing "a search subject's pre-indictment Fourth Amendment right to inspect the probable cause

7

affidavit."); In re Search Warrant for 2934 Anderson Morris Road, 48 F. Supp. 2d 1082, 1083 (N.D. Ohio 1999)("Generally, a person whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued."); Up North Plastics, Inc., 940 F. Supp. at 232 (denying government's pre-indictment motion to keep in place a previously entered order sealing the affidavit in support of a search warrant); In re Search Warrants Issued August 29, 1994, 889 F. Supp. at 299 (granting a home and business owner's pre-indictment motion to unseal search warrant materials, stating "the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed"); see also United States v. Oliver, 208 F.3d 211, 2000 WL 263954, *2 (4th Cir. 2000) (unpublished) (recognizing a Fourth Amendment right to examine the search warrant affidavit); In the Matter of Searches of Semtex Industrial Corporation, 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (observing in response to a motion to unseal a warrant affidavit brought by a business that had been subject to search that such materials may not be sealed indefinitely pending the government's decision to seek an indictment); Matter of Wag-Aero, Inc., 796 F. Supp. 394, 395 (E.D. Wisc. 1992) (vacating sealing order upon finding that the search target's due process rights would be violated by continued sealing of the supporting affidavit).[4]

---

[4] Other courts, though far fewer, have found that neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure grants to those subject to a search warrant a fundamental

8

For the most part, these courts have also recognized in one fashion or another that this right of pre-indictment access to search warrant affidavits is not absolute but may be denied where a compelling governmental interest is demonstrated requiring that the materials be kept under seal. In this regard, it has generally been recognized that in order to prevent the search subject from inspecting the contents of the supporting affidavit, the government must demonstrate to the court that a compelling government interest requires the materials to be kept under seal and that there is no less restrictive means, such as redaction, capable of serving that interest. In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d at 591 (citing United States v. Oliver, 208 F.3d 211, 2000 WL 263954, *2 and In re Search Warrants Issued August 29, 1994, 889 F. Supp. at 299). The court will apply this standard in assessing the showing made in support of the government's request that the search warrant affidavits in question remain under seal.

The court has carefully reviewed the declaration filed under seal by the government in support of continued sealing. To a limited extent the government's showing consists of general assertions that unsealing of the supporting affidavits would prematurely reveal its' theory of the case and the direction of the investigation, thereby likely obstructing that investigation in its early stages. The expression of such general and conclusory concerns, potentially

---

right of access to sealed search warrant affidavits prior to indictment. See Matter of EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996); Al-Dahir v. Northrop Grumman Information Technology, Civil Action No. 08-563, 2008 WL 4470514, *4-6 (E.D. La. Sept. 26, 2008).

9

present in any investigation, are insufficient to meet the government's burden of demonstrating a compelling government interest in continued sealing. See In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d at 591-92; Up North Plastics, Inc., 940 F. Supp. at 233-34; Wag-Aero, Inc., 796 F. Supp. at 395. The court will therefore not rely on such general concerns raised by the government.

However, in other specific respects the supplemental affidavit filed by the government under seal on November 18, 2008, sets forth a specific factual basis for finding that the government has, at this time, demonstrated a compelling interest in maintaining the supporting affidavits under seal and that mere redaction would not adequately serve that compelling interest. Thus, "[w]hile it would compromise the government's need for confidentiality to publically reveal such reasons, the court is persuaded that the government is entitled to an additional period of secrecy." In the Matter of the Search of a Residence, 121 F.R.D. 78, 80 (E.D. Wisc. 1988).

Nonetheless, it is of course the case that the status of investigations change over time as the government corroborates information, gathers new evidence, or finds pieces of information initially gathered to not be credible. Instructive in this regard is the decision of the Ninth Circuit in The Offices of Lakeside Non-Ferrous Metal, Inc. v. United States, 679 F.2d 778 (9th Cir. 1982)(Kennedy C.J.) In that case the Internal Revenue Service seized books and records from appellant's business offices pursuant to warrant and held those materials for over eleven months while furnishing copies of the seized materials to appellant. 679 F.2d at

779.  Appellant moved the district court for an order unsealing the search warrant affidavit or, in the alternative, for the return of the seized property.  Id.  The district court denied the motion.  Id. Based upon the district court's inherent power to seal affidavits filed with the court, the Ninth Circuit affirmed the denial of the motion.  Id.  In doing so, however, the court observed:

> [T]he Government has the obligation to conduct its investigation with diligence, for under any other interpretation the Government, having all of its evidence under seal, might be inclined to delay proceedings, rather than to expedite them.
>
> We affirm the trial court's rulings on the motion, but note that it should exercise its continuing jurisdiction to ensure that the Government's investigation proceeds with diligence and to protect the rights of the appellant, which become more critical with the passage of time.  In this case we cannot say appellant has demonstrated much hardship to it by reason of the seizure, inasmuch as copies of all materials have been furnished to it.  This is a factor in the trial court's required balancing of the Government's interest in secrecy against a temporary loss to the movant of his property.  Shea v. Gabriel, 520 F.2d 879, 882 (1st Cir. 1975).  The case is remanded to the trial court forthwith so that it may continue to exercise its jurisdiction under the standards here set forth.

679 F.2d at 779-80.

With these principles in mind, the undersigned will deny the pending motions to unseal search warrant affidavits and for return of property and seized funds without prejudice.  The government is under an obligation, of course, to immediately notify the court if its legitimate concerns regarding unsealing of the affidavits are allayed by further investigation.  On the other hand, counsel for movants are free to renew their motions upon the passage of what they believe to

be a suitable period of time if the search warrant affidavits which they seek remain under seal.[5]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that movants' combined motions (Doc. Nos. 7 and 9 in 08-SW-0361 DAD; Doc. No. 8 in 08-SW-0362 DAD; Un-docketed Motion in 08-SW-0363 DAD; and Un-docketed Motion in 08-SW-0364 DAD) for return of property, return of seized funds and to unseal search warrant affidavits is denied without prejudice to its renewal if and when deemed appropriate by counsel for movants.

DATED: December 19, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
InreSearch.oah.121508

---

[5] As one court observed in denying without prejudice a pre-indictment motion to unseal a search warrant affidavit and continuing the sealed status of the warrant documents for an additional 60 days:

> The court has now reviewed the supplemental affidavit and finds that it contains good cause to continue the sealing order. [ ] Notwithstanding, the petitioners should not be kept in the dark any longer than is necessary. After all, it was their residence and business that was searched. They have a right to know what information is contained in the applications in order to determine whether or not they wish to pursue a return of the seized property. Therefore, after balancing the competing interests of the parties, this court will extend the sealing order for a limited period of time.

In the Matter of the Search of a Residence, 121 F.R.D. 78, 80 (E.D. Wisc. 1988). See also In the Matter of Searches of Semtex Industrial Corporation, 876 F. Supp. 426, 429 (E.D.N.Y. 1995).

12